IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAWN A. PYERITZ, Administratrix )
of the Estate of Daniel E.      )
Pyeritz, Deceased; and DAWN A.  )
PYERITZ, parent and natural     )
guardian of NICOLE L. PYERITZ,  )
a minor, and CHRISTOPHER E.     )
PYERITZ, a minor; and DAWN A.   )
PYERITZ, an individual in her   )   Civil Action No. 03-1339
own right;                      )   Judge Donetta W. Ambrose/
                                )   Magistrate Judge Sensenich
            Plaintiffs          )
                                )
      v.                        )
                                )
LOGGY BAYOU ENTERPRISE; and     )
GAME TRACKER INCORPORATED;      )
                                )
            Defendants          )

HEARING ON PETITION TO APPROVE SETTLEMENT OF DEATH CLAIM

I.   RECOMMENDATION

It is recommended that Plaintiffs' Petition to Approve Settlement of Death Claim be granted and that the distribution of proceeds be in accord with Exhibit C of the Petition.  It is further recommended that the proceeds of the settlement be allocated $2,000.00 to the Survival Act claim and $198,000.00 to the Wrongful Death claim.

II.  REPORT

Plaintiffs filed the instant Complaint (Doc. No. 1) on September 11, 2003, alleging that decedent's death while hunting was caused when the safety harness of the tree stand he had been using failed, causing him to fall twenty feet to the ground.

They sought damages under the Pennsylvania Wrongful Death Act, 42 Pa.C.S. § 8301, and the Pennsylvania Survival Act, 42 Pa.C.S. § 8302.  At the time the action was filed, Plaintiffs Nicole L. Pyeritz and Christopher E. Pyeritz, were minors.  On November 18, 2005 Plaintiffs filed a Petition to Approve Settlement of Death Claim (the Petition).  At the time the Petition was filed, Christopher Pyeritz and Nicole Pyeritz had attained the age of majority and joined Dawn Pyeritz in the Petition.  Pursuant to Rule 17.1(A) of the Local Rules of Court for The United States District Court for the Western District of Pennsylvania, "No action to which a minor is a party shall be compromised, settled, discontinued or dismissed except after approval by the court pursuant to a petition presented by the guardian of the minor or the natural guardian of the minor, such as the circumstances might require."

A hearing on the Petition was held on December 13, 2005.  Plaintiffs Dawn A. Pyeritz, Nicole L. Pyeritz, and Christopher E. Pyeritz were present and represented by counsel, Michele H. Lally, Esq.  Defendant Loggy Bayou Enterprise was represented by Aimee R. Jim, Esq.  Defendant Game Tracker Incorporated was not represented at the hearing.

"'[T]he rules governing settlement of minor's claims are embedded in the traditional state-law domain of contract, agency, and family law.  Rather than developing a federal

2

common law to govern such questions of authority to settle another's claim, we can instead rely on the well-established rules of the various States.'" *Nice v. Centennial Area Sch. Dist.*, 98 F.Supp.2d 665, 668 (E.D. Pa. 2000) (quoting *Reo v. United States Postal Serv.,* 98 F.3d 73, 77 (3d Cir. 1996)). Under Rule 2039(a) of the Pennsylvania Rules of Civil Procedure, "[n]o action to which a minor is a party shall be compromised, settled or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor." PA.R.C.P. 2039.  In order to protect the best interests of minors, when reviewing a petition to approve settlement of claims of minors the court must consider: "(1)  the sufficiency of the petition; (2) the fairness of the proposed settlement amount; and (3) the reasonableness of the requested counsel fees." *Johnson v. Clearfield Area Sch. Dist.,* 319 F.Supp.2d 583, 586 (W.D. Pa. 2004); see also *Nice,* 98 F.Supp.2d at 667.

In the instant case, during discovery, Plaintiffs learned that the failed safety harness on which they based their claims, was destroyed while in the possession of the Pennsylvania State Police.  (Pet. (Doc. No. 16) ¶ 3.)  The destruction of this evidence impaired their ability to prosecute the case and Defendants' ability to defend the case.  (*Id.* ¶ 4.)  The parties determined that it was in their best interests to negotiate a settlement.  (*Id.*)  Thus, Plaintiff's petition provided relevant

facts sufficient for the Court to determine whether the settlement was in the best interest of the minor Plaintiffs.

As to the fairness of the proposed settlement amount, "[g]enerally, the 'parties and counsel . . . are in the best position to evaluate the settlement and their judgments are entitled to considerable weight.'" *Johnson,* 319 F.Supp.2d at 587 (quoting *Calvert v. General Acc. Ins. Co.,* 2000 WL 124570 n.2 (E.D. Pa.)).  The proposed settlement, before various expenses allocated to reimburse the estate, is $200,000.00.  At the hearing, Plaintiffs proposed that $2,000.00 of the settlement be allocated to the Survival Act claim and that $198,000.00 be allocated to the Wrongful Death claim.  They also proposed the following distribution of the balance of the settlement funds: $82,683.49 to Dawn Pyeritz, $26,341.74 to Nicole Pyeritz, and $26,341.75 to Christopher Pyeritz.  In addition, the three individual Plaintiffs were asked by the Court if they understood the proposed settlement, whether or not they agreed to the settlement, and whether they had any questions of the Court regarding the settlement.  All three Plaintiffs indicated by their responses that they understood the settlement, that they agreed to the settlement, and that they had no questions regarding the settlement.  In addition, Plaintiffs' counsel and counsel for Loggy Bayou were allowed the opportunity to bring any issues of concern they had to the Court's attention.  Because of

the destruction of a critical piece of evidence, and because Plaintiffs offered no opposition to the proposed settlement, and giving considerable weight to the judgment of Plaintiffs and counsel, this Court concludes that the settlement of the case for $200,000.00, and the proposed distribution of the settlement funds, is fair.

Finally, in determining whether the requested attorney's fees are reasonable, Pennsylvania requires the Court to "consider 'whether the court of common pleas in the county with jurisdiction over the minor has adopted a presumptive lodestar for fees involving the settlement of a minor's claims.'" *Johnson,* 319 F.Supp.2d at 588-89 (quoting *Nice*, 98 F.Supp.2d at 670) (internal footnote omitted)).  If the court has a presumptive lodestar, then the court "'may adust the lodestar depending upon the effectiveness of the counsel's performance under the circumstances.'" *Id.*  (quoting *Nice,* 98 F.Supp.2d at 670)).  Plaintiffs are residents of Allegheny County.  (Compl. ¶¶ 1-2.)  The presumptive lodestar in Allegheny County is 33-1/3% of the present value of the structured settlement. PA.R. ALLEGHENY CTY. CIV.FAM.R. 2039(1)(A).  Here, in the Petition, Plaintiff's counsel agreed to reduce her contracted fee of one-third (1/3) of the total amount recovered to twenty-five percent (25%) of the total fee recovered, including substantial

expenses.  Accordingly, the fees requested by counsel are more than reasonable.

III. <u>CONCLUSION</u>

Based on the above discussion, it is recommended that Plaintiffs' Petition to Approve Settlement of Death Claim be granted and that the distribution of proceeds be in accord with Exhibit C of the Petition.  It is further recommended that the proceeds of the settlement be allocated $2,000.00 to the Survival Act claim and $198,000.00 to the Wrongful Death claim.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.  However, if the parties wish to expedite approval of the Report and Recommendation and entry of a final order, they may file waivers of objections to the Report and Recommendation prior to the date objections are due.

<u>   s/Ila Jeanne Sensenich   </u>
ILA JEANNE SENSENICH
U.S. Magistrate Judge

Dated:  December 16, 2005

cc:  The Honorable Donetta W. Ambrose
     Chief Judge, United States District Court

     Michelle H. Lally, Esq.
     4220 William Penn Highway, Suite 616
     Monroeville, PA  15146

     Thomas P. Pellis, Esq.
     Aimee R. Jim, Esq.
     Meyer, Darragh, Buckler, Bebenek & Eck
     114 South Main Street
     Greensburg, PA  15601

     Peter A. Lentini, Esq.
     Rawle & Henderson
     Ten Lake Center Executive Park, Suite 204
     401 Route 73 North
     Marlton, NJ  08053